Kip Evan Steinberg (SBN 096084)
LAW OFFICE OF KIP EVAN STEINBERG
Courthouse Square
1000 Fourth Street, Suite 600
San Rafael, CA 94901
Telephone: 415-453-2855
Facsimile: 415-456-1921
kip@steinberg-immigration-law.com

**Attorney for Plaintiff RAZMIK AHANESSIANS**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAZMIK AHANESSIANS <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary Department of Homeland Security; ALBERTO GONZALES, Attorney General, Department of Justice <br><br> Defendants | **Civil Action No.** <br><br> PETITION FOR HEARING ON NATURALIZATION APPLICATION <br><br> IMMIGRATION CASE |

## I. INTRODUCTION

This is a lawsuit brought by Razmik Ahanessians to obtain naturalization by this Court pursuant to 8 U.S.C. §1447(b). This Court has exclusive jurisdiction to make a determination on his application since it is more than 120 days since his interview by the United States Citizenship and Immigration Services. Plaintiff meets all the statutory eligibility requirements for citizenship.

*Ahanessians v. Chertoff*
Petition For Naturalization                      1

Plaintiff requests that the Court grant his naturalization application and give him his oath of citizenship.

## II.  PARTIES

1.  Plaintiff, Razmik Ahanessians, is a lawful permanent resident and currently an applicant for naturalization as a U.S. citizen.  His alien registration number is A75 516 606.  He resides in Campbell, California.

2.   Defendant Michael Chertoff is sued in his official capacity as  the Secretary of the Department of Homeland Security "DHS".  As of March 1, 2003 DHS is the agency responsible for implementing the Immigration and Nationality Act. 8 U.S.C. §1103(a).   Within DHS, the United States Citizenship and Immigration Services ("USCIS"), formerly part of the Immigration and Naturalization Service, is now responsible for implementing the provisions under which lawful permanent residents can be naturalized and become United States citizens, in particular 8 U.S.C. §1421 *et seq.*[1]

3.  Defendant Alberto Gonzales is sued in his official capacity as the Attorney General of the United States.  The Attorney General  has been conferred the authority to naturalize persons as citizens of the United States by

---

[1] On March 1, 2003 the Immigration and Naturalization Service ("INS") ceased to exist and it functions were transferred to the newly formed Department of Homeland Security.  *See* Homeland Security Act, 116 Stat. 2135, Pub. L. 107-296 (2002).  The former INS was divided into three separate agencies: Citizenship and Immigration Services, Immigration and Customs Enforcement, and Customs and Border Protection.  This complaint challenges decisions of Citizenship and Immigration Services, the component responsible for adjudicating naturalization petitions.

*Ahanessians v. Chertoff*
Petition For Naturalization                           2

8 U.S.C. §1421(a).  The Attorney General is also charged with the authority and duty to direct, manage, and supervise all employees and all files and records of the Department of Justice including  security checks required to obtain naturalization as a United States citizen.  He oversees the FBI which is responsible for conducting both criminal record checks and the National Name Check Program ("NNCP").  The NNCP disseminates information from the FBI's Central Records System in response to requests submitted by federal agencies, including USCIS.

### III. JURISDICTION

4. This Court has jurisdiction pursuant to 8 U.S.C. §1447(b) (jurisdiction for hearing on naturalization in certain cases of delay); 28 U.S.C.§1331 (federal question jurisdiction); and 28 U.S.C.§2201 *et seq* (declaratory judgment act).

5. Jurisdiction is also conferred by 5 USC §§ 555(b) and 704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts. 5 USC § 702 *et seq.*

6. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 USC § 504, and 28 USC §2412(d), *et seq.*

### IV. VENUE

7. Venue in the Northern District of California is appropriate pursuant to 8 U.S.C.§1421(c) because Plaintiff resides within the district and the

administrative decisions delaying Plaintiff's application for naturalization were made by the USCIS district office in San Jose, California located within this district.

## V. REMEDY SOUGHT

8. Plaintiff applies to this Court for a hearing on the matter and requests this Court to review his naturalization application de novo, grant his naturalization application, and give Plaintiff his oath of citizenship.

9. In the alternative, Plaintiff seeks to have the Court order the FBI to expedite his name check and report the results to USCIS within 30 days; order USCIS to determine Plaintiff's N-400 application within 30 days of receiving the FBI"s name check report, and if found eligible for naturalization, permit him to be sworn in as a citizen within 30 days of the USCIS determination. If the Court chooses this alternative remedy, Plaintiff requests that the Court retain jurisdiction over the matter to ensure compliance with the Court's order.

## VI. STATEMENT OF FACTS

10. Plaintiff is a native of Iran. He became a lawful permanent resident of the United States on December 5, 2000. *(See Attachment A)*

11. On October 4, 2005 Plaintiff applied for naturalization under 8 U.S.C. §1427 with the California Service Center of USCIS. (*See Attachment B*)

12. Plaintiff was fingerprinted for his criminal background check on November 30, 2005. He will be fingerprinted again on or about September 13,

*Ahanessians v. Chertoff*
Petition For Naturalization                4

2007. *(See Attachment C)*

13. Plaintiff was interviewed at the USCIS District Office in San Jose, California on February 16, 2006. *(See Attachment D)*

14. Plaintiff was informed at the interview that he had passed the tests of English and U.S. history and government and met all other eligibility requirements for citizenship. *(See Attachment D)*

15. At the interview, he was also informed that he could not be given final approval and the oath of citizenship until the Defendants completed a "name check"

16. At the interview, he was also informed that "under section 336 of the Immigration and Nationality Act, you have the right to request a hearing...before the U.S. district court if USCIS has not made a determination on your application within 120 days of the date of your examination." (*See Attachment D*)

17. On July 11, 2007, Defendants sent Plaintiff a letter replying to Plaintiff's inquiry about the status of his case. This letter stated: "The processing of your case has been delayed. A check of our records establishes that your case is not ready for decision, as the required investigation into your name check remains open. Until the name checks investigation is completed, we cannot move forward on your case..." (*See Attachment E*)

1  18. Plaintiff is a law abiding and responsible individual. He holds a Master of Science degree in Electrical Engineering from Purdue University. He is currently employed as a Supervising Member of Technical Staff for Altera Corporation in San Jose, California. He has worked for this company since September, 1995.

19. Plaintiff wishes to become a U.S. citizen as soon as possible and enjoy all the liberties and freedoms attendant thereto, including the right to vote, sit on a jury, and travel abroad with a U.S. passport. He also wishes to petition for his mother to immigrate to the United States from Iran.

## VIII. CAUSE OF ACTION

20. Plaintiff has met all the eligibility requirements for naturalization.[2] His full criminal background check has been completed. He has passed the tests of English and U.S. history and government. (8 U.S.C.§1423) He has met the residence and physical presence requirements and is of good moral character. He is attached to the Constitution and is well disposed to the good order and happiness of the United States. (8 U.S.C. §1427).

21. The Defendants have failed to make a determination under 8 U.S.C.§1446 before the end of the 120 day period after his interview. It

---

[2] Plaintiff alleges that the FBI name check (which is broader than the criminal background check) is not a statutory eligibility requirement for naturalization. Only FBI criminal background checks, prior to interview, are required. 8 CFR §335.2(b). The eligibility requirements are set forth in 8 CFR §316.2

*Ahanessians v. Chertoff*
Petition For Naturalization              6

has been over 14 months in excess of the 120 day statutory grace period, but Defendants have not made a decision on his N-400 application.

22. The Defendants, in violation of the Administrative Procedures Act, 5 U.S. C. §701 et seq., are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law.  5 USC §§ 555(b) and 704.

### VII.  PRAYER

23.   WHEREFORE,  Plaintiff respectfully requests that this Court:

(a) Assume jurisdiction over this matter;

(b) If necessary, order that a hearing take place in this matter;

(c) Review de novo and grant the citizenship application of Plaintiff;

(d) If found eligible, give Plaintiff his oath of citizenship and direct Defendants to promptly issue a Certificate of Naturalization to Plaintiff;

(e)  In the alternative, Plaintiff requests the Court order the FBI to expedite his name check and report the results to USCIS within 30 days; order USCIS to determine Plaintiff's  N-400  application within 30 days of receiving the FBI"s name check report, and if found eligible for naturalization, permit him to be sworn in as a citizen within 30 days of the USCIS determination.

(e) Award reasonable costs and attorney's fees;

1  (f) Grant any and all further relief this Court deems just and proper.

DATED:  September 12, 2007

   __/s/_____
   Kip Evan Steinberg
   Attorney for Plaintiff
   RAZMIK AHANESSIANS

# LIST OF ATTACHMENTS

(pp. 1-22)

| | | |
|---|---|---|
| A | | Plaintiff's alien registration card |
| B | | N-400 fee receipt |
| C | | Fingerprint appointment notices dated October 29, 2005 and September 5, 2007 |
| D | | Naturalization Interview Results |
| E | | Letter from USCIS San Jose District Office dated July 11, 2007 |
| F | | Plaintiff's Freedom of Information - Privacy Act Request (FOIPA) with the Federal Bureau of Investigation dated August 2, 2007 |
| G | | FBI FOIPA response dated August 28, 2007 ("No records responsive to your FOIPA request were located by a search of the automated indices" of the main files in the central records system at FBI Headquarters.) |
| H | | Plaintiff's request for FBI Identification Record dated August 2, 2007 |
| I | | Results ("No Arrest Record") from FBI Criminal Justice Information Services Division dated August 14, 2007 |